UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSZETTA MARIE McNEILL,

       Plaintiff,                                   Case No. 05-72885

v.                                                  Hon. Gerald E. Rosen

WAYNE COUNTY,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR TEMPORARY RESTRAINING ORDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    August 10, 2005

PRESENT:   Honorable Gerald E. Rosen
                     United States District Judge

Plaintiff Roszetta Marie McNeill, proceeding *pro se,* commenced this suit in this Court on July 22, 2005, alleging that her employer, Defendant Wayne County, has engaged in a variety of acts of discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* By *ex parte* motion filed on August 8, 2005, Plaintiff seeks an order enjoining her imminent transfer to another job site, an action which, in her view, would constitute still another violation of federal law. For the reasons set forth briefly below, the Court finds that Plaintiff has failed to establish

her entitlement to *ex parte* temporary injunctive relief.

A request for a temporary restraining order must be supported by, among other elements, a showing of "irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b); see also First Technology Safety Systems, Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). In support of her claim of irreparable injury here, Plaintiff cites a July 15, 2005 letter from her employer informing her that, effective July 25, 2005, she was being reassigned from her current job site to a new location in the Finance Division at the Coleman A. Young Municipal Center in downtown Detroit.[1] Plaintiff alleges that this new job site, unlike her present one, is incompatible with her medical restrictions, and that this impending transfer is merely the latest instance of Defendant's ongoing harassment, discrimination, and retaliation on account of her disability and her complaints of mistreatment.

Yet, as the courts have recognized, the broad remedial provisions of Title VII and the ADA authorize such relief as back pay, reinstatement, and front pay, all with an eye toward ensuring that an aggrieved employee is made whole for any injuries suffered as a result of her employer's unlawful discrimination or retaliation. See, e.g., Bailey v. Delta Air Lines, Inc., 722 F.2d 942, 944 (1st Cir. 1983); Doerr v. B.F. Goodrich Co., 484 F. Supp. 320, 324-25 (N.D. Ohio 1979). Under these circumstances, the courts are understandably reluctant to undertake the fact-intensive assessment that would be

---

[1] This same letter cites an "on going reorganization of the Finance Division" as the reason for reassigning Plaintiff to a different job site.

necessary to make a threshold determination of the likelihood of success on the merits of a Title VII or ADA claim of discrimination or retaliation, based only upon a plaintiff's allegations and largely speculative beliefs advanced before the parties have engaged in any sort of discovery.  See, e.g., Nichols v. Agency for International Development, 18 F. Supp.2d 1, 5-6 (D.D.C. 1998).

This concern is particularly acute in this case, where Plaintiff's 27-page complaint, accompanied by almost 60 exhibits, includes allegations of allegedly wrongful conduct dating back to at least February of 2001, and cites a plethora of union grievances and internal complaints concerning various instances of alleged discrimination, retaliation, and harassment.  This is not the sort of record upon which the Court could confidently make a threshold evaluation as to the likelihood of a Title VII or ADA violation.  Rather, the Court believes that any award of relief should await the development of a more complete evidentiary record in support of and opposition to Plaintiff's allegations of unlawful treatment.  If Plaintiff ultimately should establish one or more of her claims on the merits, the Court is confident that the remedial provisions of Title VII and/or the ADA will prove sufficient to redress her injuries.

Additional considerations support the conclusion that preliminary injunctive relief is not warranted here.  First, Plaintiff herself notes that union grievance proceedings are pending regarding her imminent transfer and certain of her other complaints of mistreatment.  In fact, as the basis for her plea for emergency injunctive relief without prior notice to Defendant, Plaintiff cites a scheduled hearing on August 8, 2005 — the

same day the present motion was filed — to address her impending transfer, and she evidently invites the Court to enjoin this hearing. The Court is unwilling to interfere with these ongoing proceedings, or to assume, as Plaintiff evidently does, that the grievance process will prove inadequate to redress Plaintiff's injuries or prevent further injury. Indeed, the courts have cited precisely this possibility of administrative redress as a basis for declining to entertain requests for preliminary injunctive relief in Title VII cases. See, e.g., Jerome v. Viviano Food Co., 489 F.2d 965, 966 (6th Cir. 1974).

Nor can the Court say from Plaintiff's present motion and supporting affidavit that she has established a likelihood of success that would warrant preliminary injunctive relief. To the contrary, she merely speculates, without any factual support, that the job to which she is about to be transferred will be incompatible with her medical restrictions, and she opines, again without any evidentiary foundation, that Defendant's claim of reorganization is a mere pretext for unlawful discrimination or retaliation. While it is certainly possible that Plaintiff will be able to uncover evidentiary support for her allegations, the present record does not establish the requisite likelihood of success on the merits.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's August 8, 2005 Motion for Temporary Restraining Order is DENIED.

                                                s/Gerald E. Rosen
                                                Gerald E. Rosen
                                                United States District Judge

Dated: August 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2005, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager