UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSZETTA MARIE McNEILL,

       Plaintiff,                                   Case No. 05-72885

v.                                                 Hon. Gerald E. Rosen

WAYNE COUNTY,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## TO DISMISS OR FOR MORE DEFINITE STATEMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    November 16, 2005

PRESENT:   Honorable Gerald E. Rosen
                    United States District Judge

Plaintiff Roszetta Marie McNeill, proceeding *pro se,* commenced this suit in this Court on July 22, 2005, alleging that her employer, Defendant Wayne County, has engaged in a variety of acts of discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff's claims are set forth in a 27-page complaint, which includes allegations of allegedly wrongful conduct dating back to at least February of 2001, cites a plethora of union grievances and internal complaints concerning various instances of alleged discrimination, retaliation, and

harassment, and is accompanied by almost 60 exhibits.  In lieu of an answer to this pleading, Defendant has filed a motion to dismiss or, alternatively, for a more definite statement, arguing that Plaintiff "fails to allege anywhere in her complaint that she suffered any adverse employment action," that her complaint is "too vague and ambiguous" for Defendant to formulate a meaningful response, and that the format of this pleading makes it difficult for Defendant to discern the precise nature of the claims being asserted.

The Court readily acknowledges that the complaint is not a model of clarity, and that its allegations are unfocused and often untethered to any specific claim for relief. Nonetheless, the Court cannot agree that the complaint lacks any allegations of adverse employment actions — to the contrary, this pleading is replete with allegations of Defendant's alleged mistreatment of Plaintiff, through such actions as transfers, disciplinary measures, and purported refusals to accommodate Plaintiff's alleged disabilities.  Neither does the Court believe that the complaint is too "vague and ambiguous" to permit a meaningful response.  The problem, rather, lies in the sheer volume of Plaintiff's allegations, and not their specificity, with the complaint often failing to suggest the relevance of various incidents to Plaintiff's overall theories of recovery.

If this concern could be alleviated through an order requiring a more definite statement, the Court would readily issue one.  It appears evident, however, that Plaintiff, as a *pro se* litigant, lacks the legal understanding necessary to distinguish between relevant and irrelevant facts and allegations.  Under these circumstances, the Court cannot

fault Plaintiff for electing to be over-inclusive in her recitation of facts, nor can the Court reasonably expect that she might do better under the compulsion of a judicial order. More importantly, because of the requirement of exhaustion of remedies under both Title VII and the ADA, and because Plaintiff has pursued such relief in the administrative forum provided by the EEOC, Defendant is not without guidance in determining the nature and scope of the claims that Plaintiff may properly advance in this case. Rather, Defendant may look to the scope of the EEOC's investigation, as detailed in a June 15, 2005 letter to Plaintiff that is attached as an exhibit to the complaint, as a reasonable indication of the claims and allegations that are eligible for consideration in this suit.[1]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 16, 2005 Motion to Dismiss or for a More Definite Statement is DENIED.

Dated: November 16, 2005

>   s/Gerald E. Rosen
>   Gerald E. Rosen
>   United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record

---

[1] The Court also notes that Plaintiff has filed an August 30, 2005 "More Definite Statement" that addresses the specific formatting concern cited in Defendant's motion. Defendant may treat this statement as a supplement to the initial complaint in preparing and filing its response.

3

on November 16, 2005, by electronic and/or ordinary mail.

                                                    s/LaShawn R. Saulsberry
                                                    Case Manager